UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                                                  Case No. 15-25340-JKO

                                                                              Chapter 13

DELANOR ULYSSE, and
ALOURDES ULYSSE

           Debtors.
_____/

**OBJECTION TO CONFIRMATION OF THE PLAN**

      Secured Creditor, RES-FL FIVE, LLC (***"RES"***) objects to the confirmation of Delanor Ulysse and Alourdes Ulysse's (the ***"Debtors"***) First Amended Plan [ECF No. 28] (the ***"Plan"***) and states:

      1.    RES obtained a final judgment (the ***"Final Judgment"***) against the Debtors on July 26, 2012 in the amount of $60,436.39. By virtue of the recording of the Final Judgment, a judgment lien attached to all of the Debtors' real property in Marion County, FL. A copy of the Final Judgment is attached as **Exhibit A**.

      2.    RES also recorded judgment lien certificate number J12000625692 (the ***"Judgment Lien Certificate"***), with the Florida Secretary of State, and as such RES's judgment lien attached to all of the Debtors' personal property in the State of Florida. A copy of the Judgment Lien Certificate is attached as **Exhibit B**.

      3.    Accordingly, RES's claim is secured by all of the Debtors' personal property.

      4.    The value of the personal property listed on the Debtors' Schedule B [ECF No. 1] exceeds the value of the exemptions claimed on the Debtors' Amended Schedule C [ECF No. 24] by at least $4,259.44 (according to the Debtors' valuations). The Plan does not provide for

treatment of this secured claim, and thus confirmation is proscribed pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii).

5.     Furthermore, the Debtors' assert that their $7,776.40 income is subject to $1,900.00 in **involuntary deductions.** *See ECF No. 26, p.4, line 17.*

6.     While this involuntary deduction amount defies belief, even if it were true, the Debtors' reflect projected disposable income of $678.50 per month. *Id.* at p 7, line 45.

7.     Despite such calculation, the Debtors purport to commit only between $90.00 and $115.00 per month to the Plan. Accordingly, the Plan cannot be confirmed pursuant to 11 U.S.C § 1322(b)(1)(B).

8.     The Debtors have completely ignored the requirements of a chapter 13 Plan, and appear to have filed this petition in bad faith in violation of 11 U.S.C. § 1325(b)(7), in the hopes of stalling the post-judgment remedies of a lien-creditor, rather than having any actual intent to reorganize.

WHEREFORE, RES requests the entry of an Order (1) denying confirmation of the Plan; and (2) granting such other and further relief as is just and appropriate.

Respectfully submitted,

/s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
In-House Counsel
Rialto Capital
790 NW 107 Avenue, Suite 400
Miami, Florida 33172
Lawrence.Pecan@rialtocapital.com

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was delivered to (1) counsel for the Debtor, (2) the Chapter 13 Trustee and (3) the United States Trustee by delivery of notices of electronic filing.

                                      /s/ Lawrence E. Pecan
                                      Lawrence E. Pecan, Esquire