UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:   Case No. 15-25340-JKO

Chapter 13

DELANOR ULYSSE, and
ALOURDES ULYSSE

      Debtors.
_____/

**MOTION TO COMPEL DOCUMENT PRODUCTION AND FOR SANCTIONS AGAINST THE DEBTORS, DELANOR ULYSSE AND ALOURDES ULYSSE AND ALSO AGAINST CHAD VAN HORN AND THE VAN HORN LAW GROUP**

Secured Creditor, RES-FL FIVE, LLC (*"RES"*) moves to compel response to its request for production, and requests the Court enter sanctions against Delanor Ulysse and Alourdes Ulysse (the *"Debtors"*) and against Chad Van Horn and Van Horn Law Group (*"Debtors' Counsel"*) and states:

1. On December 8, 2015, the Debtors filed their First Amended Plan [ECF No. 28] (the *"Plan"*).

2. On December 15, 2015, RES, a secured creditor, objected to the confirmation of the Plan [ECF No. 32] (the *"Objection"*) on the basis that the Plan does not dedicate all of the projected disposable income even reported by the Debtors, that even the disposable income reported by the Debtors is inaccurate due to the Debtors' assertion of $1,900 per month in involuntary deductions, and that the Plan fails to treat RES's secured claim.

3. Simultaneous with the filing of the Objection, RES served the Debtors, through the Debtors' Counsel, with a request for production (the *"RFP"*) pursuant to Fed. R. Bankr. P.

9014(c) and 7034, and L.B.R. 9014-1. A copy of the RFP is attached as **Exhibit A**.[1] The RFP sought certain discovery as to documentation substantiating and or explaining some of the deficiencies in the Plan.

    4.       On December 15, 2015, Debtor's Counsel acknowledged receipt of the RFP and the Objection, by email, writing

```
Mr. Pecan,

I will speak with my client, but what exactly is your
client looking for?  I will speak to my clients about
your request but I would also like to work this out to
avoid litigation if necessary.

Chad
```

    5.       That same day, RES replied to Debtors' Counsel as follows:

```
Thanks Chad. Happy to work all this out. I think your
debtors are committing only $100 per month to the plan,
instead of 100% of their projected disposable income
(as required). Their calculation shows $750 or so of
disposable income, and even that number presupposes
approximately $1900 in mandatory deductions (which are
typically Union dues or required retirement
contributions) per month, which seems implausible.  Our
company has a $60,000 judgment. I'm happy to try to
work it out . . .


In order to keep costs down, I've held off on retaining
counsel on this one (and filed the objection myself) .
. . .

Regards,

Lawrence E. Pecan
```

[Redactions to protect information protected under Fed. R. Evid. 408]

    6.       Pursuant to L.B.R. 9014-1(B), the response to the RFP was due on December 29, 2015.

---

[1] Under the applicable rules of procedure, requests for production are not filed on the docket.

7.      Despite follow-up emails on December 22, 2015 and December 29, 2015, Debtors' counsel has not responded to RES, nor has the Debtor served responses to the RFP.

8.      RES has called Debtors' Counsel on numerous occasions, including but not limited to on December 29, 2015 and January 5, 2016, asking to speak to Mr. Van Horn about the outstanding discovery responses. On each occasion, Debtor's Counsel's office has informed RES that Mr. Van Horn is "in a meeting."

9.      After failing to reach Mr. Van Horn by phone on December 29, 2015, the due date for the response to the RFP, RES wrote to Debtor's counsel as follows:

```
Mr. Van Horn,

Your client's discovery responses are due today. Are
you responding? I tried calling but you are in a
meeting. Please call me back.

Lawrence E. Pecan
```

10.     Mr Van Horn neither replied to the email nor called RES back.

11.     On January 5, 2015, in an effort to avoid the necessity of filing a motion to compel, as required under the Local Rules and other applicable rules of discovery, RES called Debtor's Counsel's office in order to try to obtain the required discovery. After once again being told Mr. Van Horn was "in a meeting," RES was put in touch with "Terri,"[2] who upon information and belief is a paralegal and employee of Debtors' Counsel.

12.     After explaining the situation, Terri offered to bring the Objection and RFP to Mr. Van Horn's attention, and to take all required action, asking RES to abstain from filing a motion for "a couple of days" in order to allow for compliance. RES forwarded copies of the Objection and the RFP to Terri on January 5, 2016, but still has received no response.

---

[2] RES apologizes for not remembering Terri's surname, who was very courteous to counsel for RES.

13. The Debtors have failed or refused to comply with their duties as Chapter 13 debtors and their discovery obligations, and their counsel has completely ignored the discovery obligations to RES. Clearly, as set forth above and as required under L.B.R. 7026-1(F), RES has made every effort to attempt to resolve this matter without Court intervention.

WHEREFORE, RES requests the entry of an Order (1) sanctioning Debtors and Debtors' Counsel in the form and manner the Court deems appropriate, including monetary sanctions, conversion, or dismissal; (2) requiring payment of all of RES's expenses and costs in filing and prosecuting this Motion pursuant to Fed. R. Bankr. P. 7037; (3) compelling the Debtors to respond to the RFP; and (4) granting such other and further relief as is just and appropriate.

Respectfully submitted,

/s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
In-House Counsel
Rialto Capital
790 NW 107 Avenue, Suite 400
Miami, Florida 33172
Lawrence.Pecan@rialtocapital.com

## CERTIFICATE OF SERVICE

    I hereby certify that today, a copy of the foregoing was delivered to (1) counsel for the Debtors, (2) the Chapter 13 Trustee and (3) the United States Trustee by delivery of notices of electronic filing.

                                                      /s/ Lawrence E. Pecan
                                                      Lawrence E. Pecan, Esquire