UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:

DELANOR ULYSSE, and
ALOURDES ULYSSE,                                          Case No. 15-25340-JKO

        Debtor.                                                  Chapter 13

_____/

### RES-FL FIVE, LLC'S OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

Secured Creditor, RES-FL FIVE, LLC ("RES") objects to the confirmation of Delanor Ulysse and Alourdes Ulysse's (the "Debtors") Second Amended Chapter 13 Plan (ECF#40) and states:

### Background

1. RES obtained a final judgment (the "Final Judgment") against the Debtors on July 26, 2012 in the amount of $60,436.39. By virtue of the recording of the Final Judgment, a judgment lien attached to all of the Debtors' real property in Marion County, FL. A copy of the Final Judgment is attached as **Exhibit A**.

2. RES also recorded judgment lien certificate number J12000625692 (the "Judgment Lien Certificate"), with the Florida Secretary of State, and as such RES's judgment lien attached to all of the Debtors' personal property in the State of Florida. A copy of the Judgment Lien Certificate is attached as **Exhibit B**.

3. On August 25, 2015, the Debtors filed their voluntary Chapter 13 bankruptcy case.

4. On December 4, 2015, the Debtors filed their Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#26) under penalty of perjury. The Debtors list no vehicle

{M1104826.1}

expenses on Page 4 Lines 12-13, list a public transportation expenses in the amount of $185.00 on page 3 Line 14, list "involuntary deductions" in the amount of $1,900.00 on Page 4 Line 17, list no life insurance payments on Page 4 Line 18, and list no monthly charitable contributions on Page 5 Line 31 for a total projected monthly Chapter 13 plan payment in the amount of $727.76.

5. On December 8, 2015, the Debtors filed their First Amended Chapter 13 Plan (ECF#28). This plan proposes $90.00 monthly payments for months 1 through 4 and $115.00 monthly payments for months 5 through 60.

6. On December 17, 2015, RES filed Proof of Claim No. 2-1 in total amount of $75,530.72 stating that RES is secured against all of the Debtors' personal property in the amount of $4,259.44 and has an unsecured claim in the amount of $71,271.28.

7. On January 29, 2016, the Debtors filed their Amended Amended Chapter 13 Plan (ECF#40) ("Plan"). The Plan proposes $90.00 monthly payments for months 1 through 4 and $209.95 monthly payments for months 5 through 60.

8. Also on January 29, 2016, the Debtors filed their Second Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#42) under penalty of perjury. For this first time in this matter, the Debtors list a net vehicle expense in the amount of $173.00 on Page 4 Lines 12-13, list no public transportation expenses on Page 3 Line 14, list life insurance payments in the amount of $188.00 on Page 4 Line 18, and list monthly charitable contributions on Page 5 Line 31 in the amount of $125.00. The Debtors remain to claim $1,900.00 in "involuntary deductions" on Page 4 Line 17. Accordingly, the Debtors' alleged projected monthly Chapter 13 plan payment in the amount of $56.97.

**The Plan Fails to Commit All of the Debtors' Projected Disposable Income**

9. RES objects to the Plan because it does not appear to commit all of the Debtors' projected disposable income. See 11 U.S.C. §1325(b)(1)(B) (if an unsecured creditor objects to the plan, "the court may not approve the plan unless … the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period … will be applied to make payments to unsecured creditors under the plan.").

10. Furthermore, the Debtors' assert that their $7,776.40 income is subject to $1,900.00 in involuntary deductions. *See* ECF No. 26, p.4, line 17.

11. At a minimum, the Debtors' reflect projected disposable income of $678.50 per month, which must be utilized to repay creditors. *Id*. at p 7, line 45. If this amount were included in the Plan, creditors would be paid an additional $40,710.00 over the life of the plan.

12. However, not all of the "involuntary deductions" are in fact involuntary. Deleanor Ulysse's August 14, 2015 pay stub from Coast to Coast Legal Of South Florida, Inc., attached hereto as **Exhibit C**, shows that the Debtors are deducting $950.00 per pay period, or $1,900 per month, for "TDA" or, upon information and belief, a Tax Deferred Annuity.

13. If the ***voluntary*** Tax Deferred Annuity contribution in the total monthly amount of $1,900.00 per month and the $678.50 of projected disposable income were included in the Plan, unsecured creditors would be paid in full.

14. The Debtors' Schedule I (ECF#1) Line 5c. states that the debtors are making $2058.33 in "Voluntary contributions for retirement plans" in the total amount of $2,058.33.

15. Although there is a split of authority, the better reasoned case law holds that these voluntary contributions are not deductible from the Debtors' disposable income and must therefore be included in the calculation of "projected disposable income" available for the

{M1104826.1}

repayment of creditors. *See In re Seafort*, 669 F.3d 662 (6th Cir. 2012) (holding that Chapter 13 debtors could not continue to make voluntary retirement contributions in the same amount as their 401(k) loan repayments after repayment of the loan); *In re Parks*, 475 B.R. 703 (9th Cir. BAP 2012) (holding that Chapter 13 debtors cannot make post-petition voluntary retirement contributions in any amount); *In re McCullers*, 451 B.R. 498 (Bankr. N.D. Cal. 2011) (same); and *In re Prigge*, 441 B.R. 667 (Bankr. D. Mont. 2010) (same); *but see Baxter v. Johnson (In re Johnson)*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006); *In re Garrett*, 2008 WL 6049236 (Bankr. M.D. Fla.).

16. Further, the Debtors have now, on the eve of the last confirmation hearing, claimed monthly life insurance payments in the amount of $188.00 and monthly charitable contributions. Such payments are unsubstantiated in light of the Debtors' previously filed Chapter 13 Calculation of Disposable Monthly Income.

17. Despite above, the Debtors purport to commit only between $90.00 and $209.95 per month to the Plan.

18. Accordingly, the Plan cannot be confirmed pursuant to 11 U.S.C § 1322(b)(1)(B).

## The Plan Was Proposed In Bad Faith

19. Pursuant to 11 U.S.C. §§ 1325(a)(3) and (7), the filing of the Plan and bankruptcy petition was not done in good faith. "In conducting the good faith inquiry, the totality of the circumstances must be considered." *In re Humphrey,* 165 B.R. 508, 510–11 (Bankr.M.D.Fla.1994). The Eleventh Circuit has approved a non-exclusive list of factors for determining good faith:

> 1. the amount of Debtor's income from all sources;
> 2. the living expenses of Debtor and his dependents;
> 3. the amount of attorney's fees;

{M1104826.1}

> 4. the probable or expected duration of Debtor's chapter 13 plan
> 5. the motivations of Debtor and his sincerity in seeking relief under the provisions of chapter 13;
> 6. Debtor's degree of effort;
> 7. Debtor's ability to earn and the likelihood of fluctuation of his earnings;
> 8. special circumstances such as inordinate medical expense;
> 9. the frequency with which Debtor has sought bankruptcy protection;
> 10. the circumstances under which Debtor has contracted his debts and has demonstrated bona fides, or lack of same, in dealings with his creditors;
> 11. the burden which the plan's administration would place on the trustee;
> 12. any exceptional circumstances in the case;
> 13. the type of debt and whether it would be nondischargeable in chapter 7;
> 14. accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court....

Id. at 511 (quoting In re Kitchens, 702 F.2d 885, 888 (11th Cir.1983)).

20. The Plan fails to meet the good faith requirements of 11 U.S.C. §1325.

21. The factors supporting the lack of good faith include, but are not limited to, the living expenses of Debtors, the motivations of Debtors and his sincerity in seeking relief under the provisions of chapter 13, Debtors' degree of effort, and the circumstances under which Debtors has contracted his and her debts and has demonstrated lack of bona fide in dealings with his creditors, particularly RES.  The Debtors appear to be add unsubstantiated and additional expenses to their Second Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#42) to retain more funds without a meaningful distribution to creditors, including RES.

22. All of the above factors demonstrate Debtor is retaining significant assets, which are indisputably luxuries including a rental property, daily lunches out at work, transportation in addition to their vehicles, without making any meaningful distribution to unsecured creditors cannot satisfy the good faith requirements of 11 U.S.C. §1325.

23. Debtors seek to keep their luxuries while discharging their liability to RES, which appears to be his only unsecured debt.

24. The Debtors' income would significantly increase without such luxuries, and could pay creditors over $2,000.00 per month, thereby paying unsecured creditors in full of the life of the Plan

### Conclusion

25. For the reasons stated above, the Plan fails to meet the confirmation standards of § 1325, which includes § 1325(b)(1)(B)'s disposable income test and 11 U.S.C. §§ 1325(a)(3) and (7) good faith requirements. The deficiencies in the Debtors' Plan set forth in this objection are intended to be non-exhaustive.

26. The Debtors have ignored the requirements of a chapter 13 Plan, and appear to have filed this petition in bad faith in violation of 11 U.S.C. § 1325(b)(7), in the hopes of stalling the post-judgment remedies of RES, rather than having any actual intent to reorganize.

WHEREFORE, RES-FL FIVE, LLC requests the entry of an Order (1) denying confirmation of the Plan; and (2) granting such other and further relief as is just and appropriate.

Dated:  February 16, 2016         Respectfully Submitted,

JONES WALKER LLP
  *Attorneys for RES-FL FIVE, LLC*
201 Biscayne Blvd., Suite 2600
Miami, Florida 33131
Email:  bturner@joneswalker.com
Telephone:  (305) 679-5700
Facsimile:  (305) 679-5710

By:    */s/ Barry S. Turner*
         Barry S. Turner
         Florida Bar No. 85535

{M1104826.1}

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties receiving service via ECF, including those listed below, on February 16, 2016.

*/s/ Barry S. Turner*
Barry S. Turner

**ECF**
- **Scott C Lewis**   bkfl@albertellilaw.com
- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov
- **Lawrence E Pecan**   lawrence.pecan@rialtocapital.com, lpecan@gmail.com
- **Barry Seth Turner**   bturner@joneswalker.com, mvelapoldi@joneswalker.com;tsnow@joneswalker.com
- **Chad T Van Horn**   Chad@cvhlawgroup.com, jay@cvhlawgroup.com,DeadlinesandHearings@gmail.com,allie@cvhlawgroup.com;Milagros@cvhlawgroup.com,terri@cvhlawgroup.com,matt@cvhlawgroup.com,martha@cvhlawgroup.com,bea@cvhlawgroup.com,g2320@notify.cincompas
- **Robin R Weiner**   ecf@ch13weiner.com;ecf2@ch13weiner.com

**US Mail**

**Capital One Auto Finance**
c/o Ascension Capital Group
POB 201347
Arlington, TX 76006

# Exhibit A

{Exhibit.1}

JONES WALKER WAECHTER POITEVENT
201 SOUTH BISCAYNE BLVD
STE 2600
MIAMI, FL 33131



IN THE CIRCUIT COURT OF THE
FIFTH JUDICIAL CIRCUIT, IN AND
FOR MARION COUNTY, FLORIDA.

CIVIL DIVISION

CASE NO. 42-2008-CA-005417-AXXX-XX

RES-FL FIVE, LLC

    Plaintiff,

vs.

DELANOR ULYSSE, et al.

    Defendants.
_____/

DAVID R ELLSPERMANN CLERK OF COURT MARION COUNTY
DATE: 09/12/2012  12:59:23 PM
FILE #: 2012088751   OR BK 05733 PGS 1447-1449
REC 27.00

## FINAL DEFICIENCY JUDGMENT AGAINST DEFENDANTS
## DELANOR ULYSSE AND ALOURDES ULYSSE

THIS CAUSE came to be heard on July 26, 2012, upon the motion by Plaintiff for entry of judgment for monetary damages based upon a deficiency against Defendants Delanor Ulysse and Alourdes Ulysse. Upon consideration of the motion, examination of the pleadings and papers on file, and being further advised in the premises, the court adjudges that Plaintiff, RES-FL FIVE, LLC, whose address is 730 NW 107th Avenue, Ste. 400, Miami, Florida 33172, recover from Defendants, Delanor Ulysse and Alourdes Ulysse, who have the address of 2081 NW 86th Terrace, Coral Springs, Florida 33071, as makers of the note, the following sums:

| | | | |
|---|---|---|---|
| (a) | Judgment amount (rendered June 14, 2011). | $ | 59,419.78 |
| (b) | Post-judgment interest at 6.00% from June 15, 2011 through July 19, 2011. ($9.77 per day) | $ | 332.00 |
| (c) | Fair Market Value | $ | [2,200.00] |

{M0404930.1}

|     |     | Subtotal. | $ | 57,551.78 |
|-----|-----|-----------|---|-----------|
| (d) | Post-judgment interest at 6.00% from July 20, 2011 through September 30, 2011, after affording credit for value of collateral. ($9.41 per day) | | $ | 677.23 |
| (e) | Post-judgment interest at 4.75% from October 1, 2011 through December 30, 2011 after affording credit for value of collateral. ($7.45 per day) | | $ | 670.18 |
| (f) | Post-judgment interest at 4.75% from January 1, 2012 through July 26, 2012 after affording credit for value of collateral. ($7.43 per day) | | $ | 1,537.20 |
|     |     | Deficiency as of July 26, 2012 | $ | **60,436.39** |

that shall bear interest at the statutorily prescribed rate, for which let execution issue.

Ordered in chambers at Marion County, Florida on ~~July~~ August 1ST, 2012.

_____
Circuit Court Judge

Copies furnished to:

Jones, Walker, Waechter,
Poitevent, Carrere & Denegre, LLP
201 S. Biscayne Blvd. Ste. 2600
Miami, FL 33131
    Counsel for Plaintiff

Tabitha S. Fish, Esq.
Saxon, Gilmore, Carraway & Gibbons, PA
201 E. Kennedy Blvd. Ste. 600
Tampa, FL 33602

{M0404930.1}

Delanor Ulysse
2081 NW 86th Terrace
Coral Springs, FL 33071
    Defendant

Alourdes Ulysse
2081 NW 86th Terrace
Coral Springs, FL 33071
    Defendant

{M0404930.1}

# Exhibit B

{Exhibit.1}

# ELECTRONIC JUDGMENT LIEN CERTIFICATE

FOR PURPOSES OF FILING A JUDGMENT LIEN, THE FOLLOWING INFORMATION IS SUBMITTED IN ACCORDANCE WITH s. 55.203, F.S..

**JUDGMENT DEBTOR (DEFENDANT) NAME(S) AS SHOWN ON JUDGMENT LIEN:**

ULYSSE, DELANOR
2081 NW 86TH TERRACE
CORAL SPRINGS, FL. 33071

ULYSSE, ALOURDES
2081 NW 86TH TERRACE
CORAL SPRINGS, FL. 33071

J12000625692
**FILED**
Oct 01, 2012 08:00 A.M.
Secretary of State
MHCAIN

**JUDGMENT CREDITOR (PLAINTIFF) NAME AS SHOWN ON JUDGMENT LIEN OR CURRENT OWNER OF JUDGMENT IF ASSIGNED:**

RES-FL FIVE, LLC
730 NW 107TH AVENUE
400
MIAMI, FLORIDA 33172
DOS DOCUMENT#: L11000015252

NAME AND ADDRESS TO WHOM ACKNOWLEDGMENT/CERTIFICATION IS TO BE MAILED:

JARED KESSLER
JKESSLER@JONESWALKER.COM

AMOUNT DUE ON MONEY JUDGMENT: 60,436.39
APPLICABLE INTEREST RATE: 4.75%
NAME OF COURT: MARION COUNTY CIRCUIT COURT
CASE NUMBER: 42-2008-CA-005417-AXXX-XX
DATE OF ENTRY: 08/01/12
WAS A WRIT OF EXECUTION DOCKETED ON THIS JUDGMENT LIEN WITH ANY SHERIFF PRIOR TO OCTOBER 1, 2001?
( ) YES (IF YES, A "CREDITOR AFFIDAVIT CERTIFICATION" FORM MUST BE ATTACHED TO THIS CERTIFICATE.)
(X) NO

UNDER PENALTY OF PERJURY, I hereby certify that: (1) The judgment above described has become final and there is no stay of the judgment or its enforcement in effect; (2) All of the information set forth above is true, correct, current and complete; (3) I have not previously filed a Judgment Lien Certificate regarding the above judgment with the Department of State; and, (4) I have complied with all applicable laws in submitting this Electronic Judgment Lien Certificate for filing.

Electronic Signature of Creditor or Authorized Representative: JARED KESSLER

# Exhibit C

{Exhibit.1}

**COAST TO COAST LEGAL AID**
**OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

Bank of America
FORT LAUDERDALE, FL 33301

Check: 0006862

DATE: 8/14/2015
AMOUNT: **********0.00

Pay: ***No/100 Dollars***

To the Order of:
DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

**NON NEGOTIABLE**

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---------|---------|---------|---------|---------|
| Salary  | 0.00    | 2,416.25| 0.00    | 36,243.75 |

8/14/2015    0006862

| Tax / Deduction | Cur | Ytd |
|-----------------|-----|-----|
| DENTAL INS | 7.50 | 112.50 |
| HEALTH INS | 14.50 | 217.50 |
| TDA | 950.00 | 14,250.00 |
| VISION | 5.38 | 80.70 |
| FICA | 148.31 | 2,224.65 |
| FICAMED | 34.69 | 520.31 |
| FWT | 58.00 | 881.00 |
| EFT | 1,197.87 | 17,957.09 |

|  | Earnings | Taxes | Deductions | Net Pay |
|--|----------|-------|------------|---------|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 36,243.75 | 3,625.96 | 32,617.79 | 0.00 |

P/P ENDING 08/15/15
Married 3
0.00

**COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL  33312

Bank of America
FORT LAUDERDALE, FL 33301

63-630

Check: 0006831

DATE: 7/30/2015

AMOUNT: \*\*\*\*\*\*\*\*\*\*\*0.00

Pay: \*\*\*No/100 Dollars\*\*\*

To the Order of:
DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL  33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

## NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.    7/30/2015    0006831

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 33,827.50 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 105.00 |
| HEALTH INS | 14.50 | 203.00 |
| TDA | 950.00 | 13,300.00 |
| VISION | 5.38 | 75.32 |
| FICA | 148.31 | 2,076.34 |
| FICAMED | 34.69 | 485.62 |
| FWT | 58.00 | 823.00 |
| EFT | 1,197.87 | 16,759.22 |

P/P ENDING 07/30/15

Married 3
0.00

|  | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 33,827.50 | 3,384.96 | 30,442.54 | 0.00 |

**COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL  33312

Bank of America
FORT LAUDERDALE, FL 33301

63-4/630

Check: 0006801

DATE: 7/15/2015

AMOUNT: ***********0.00

Pay: ***No/100 Dollars***

To the Order of:
DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

**NON NEGOTIABLE**

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.   7/15/2015   0006801

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 31,411.25 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 97.50 |
| HEALTH INS | 14.50 | 188.50 |
| TDA | 950.00 | 12,350.00 |
| VISION | 5.38 | 69.94 |
| FICA | 148.31 | 1,928.03 |
| FICAMED | 34.69 | 450.93 |
| FWT | 58.00 | 765.00 |
| EFT | 1,197.87 | 15,561.35 |

P/P ENDING 07/15/15
Married
3
0.00

|  | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 31,411.25 | 3,143.96 | 28,267.29 | 0.00 |

ULYSSE, DELANOR   7/15/2015   0006801

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 31,411.25 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 97.50 |
| HEALTH INS | 14.50 | 188.50 |
| TDA | 950.00 | 12,350.00 |
| VISION | 5.38 | 69.94 |
| FICA | 148.31 | 1,928.03 |
| FICAMED | 34.69 | 450.93 |
| FWT | 58.00 | 765.00 |
| EFT | 1,197.87 | 15,561.35 |

P/P ENDING 7/15/2015
Married
3
0.00

|  | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 31,411.25 | 3,143.96 | 28,267.29 | 0.00 |

**COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL  33312

Bank of America
FORT LAUDERDALE, FL 33301

63-630

Check: 0006771

DATE: 6/30/2015

AMOUNT: ***********0.00

Pay: ***No/100 Dollars***

To the Order of:
DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL  33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

**NON NEGOTIABLE**

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.        6/30/2015        0006771

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 28,995.00 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 90.00 |
| HEALTH INS | 14.50 | 174.00 |
| TDA | 950.00 | 11,400.00 |
| VISION | 5.38 | 64.56 |
| FICA | 148.31 | 1,779.72 |
| FICAMED | 34.69 | 416.24 |
| FWT | 58.00 | 707.00 |
| EFT | 1,197.87 | 14,363.48 |

P/P ENDING 06/30/15

Married 3
0.00

|  | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 28,995.00 | 2,902.96 | 26,092.04 | 0.00 |

**COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

Bank of America
FORT LAUDERDALE, FL 33301

63-4 / 630

Check: 0006741

DATE: 6/15/2015
AMOUNT: ***********0.00

Pay: ***No/100 Dollars***

To the Order of:
DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

**NON NEGOTIABLE**

---

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.    6/15/2015    0006741

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 26,578.75 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 82.50 |
| HEALTH INS | 14.50 | 159.50 |
| TDA | 950.00 | 10,450.00 |
| VISION | 5.38 | 59.18 |
| FICA | 148.31 | 1,631.41 |
| FICAMED | 34.69 | 381.55 |
| FWT | 58.00 | 649.00 |
| EFT | 1,197.87 | 13,165.61 |

P/P ENDING 06/15/15
Married 3
0.00

|  | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 26,578.75 | 2,661.96 | 23,916.79 | 0.00 |

---

ULYSSE, DELANOR    6/15/2015    0006741

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 26,578.75 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 82.50 |
| HEALTH INS | 14.50 | 159.50 |
| TDA | 950.00 | 10,450.00 |
| VISION | 5.38 | 59.18 |
| FICA | 148.31 | 1,631.41 |
| FICAMED | 34.69 | 381.55 |
| FWT | 58.00 | 649.00 |
| EFT | 1,197.87 | 13,165.61 |

P/P ENDING 6/15/2015
Married 3
0.00

|  | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 26,578.75 | 2,661.96 | 23,916.79 | 0.00 |