UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:

DELANOR ULYSSE, and
ALOURDES ULYSSE,                                                   Case No. 15-25340-JKO

        Debtor.                                                              Chapter 13
_____/

**NOTICE BY RES-FL FIVE, LLC**
**OF TAKING RULE 2004 EXAMINATION *DUCES TECUM* OF DEBTORS**

**(Documents May Be Produced in Lieu of Appearance)**

RES-FL FIVE, LLC ("RES"), by undersigned counsel, will examine the Debtors, Delanor Ulysse and Alourdes Ulysse, under oath on **March 4, 2016 at 2:00 p.m.** at Jones Walker LLP, 201 South Biscayne Blvd, Suite 2600, Miami, Florida 33131 following the production of the documents requested in the attached document requests.

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be taken before an officer authorized to record the testimony. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1 no order shall be necessary. The examinee must either produce the documents to undersigned prior to the examination or alternatively, bring to the examination the documents described on the attached subpoena, and must permit copying of the materials.

Interested parties are directed to contact undersigned on the day prior to the scheduled examination to confirm that the examination is going forward on the following day or if documents have been produced in lieu of the examination.

{M1117981.1}

The Debtors are directed to produce and deliver to RES, c/o Barry S. Turner [bturner@joneswalker.com], Jones Walker LLP, 201 S. Biscayne Boulevard, Suite 2600, Miami, FL 33131, all of the documents described on the attached Schedule A.

Dated:  February 16, 2016

                              **JONES WALKER LLP**
                              *Attorneys for RES-FL FIVE, LLC*
                              201 Biscayne Blvd., Suite 2600
                              Miami, Florida 33131
                              Email:  bturner@joneswalker.com
                              Telephone:  (305) 679-5700
                              Facsimile:  (305) 679-5710

                              By:  */s/ Barry S. Turner*
                                     Barry S. Turner
                                     Florida Bar No. 85535

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties listed on the following page via ECF and/or first class U.S. Mail on this February 16, 2016.

/s/ *Barry S. Turner*
Barry S. Turner

**ECF**

- Scott C Lewis    bkfl@albertellilaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Lawrence E Pecan    lawrence.pecan@rialtocapital.com, lpecan@gmail.com
- Barry Seth Turner    bturner@joneswalker.com, mvelapoldi@joneswalker.com;tsnow@joneswalker.com
- Chad T Van Horn    Chad@cvhlawgroup.com, jay@cvhlawgroup.com,chad@ecf.inforuptcy.com,allie@cvhlawgroup.com,Milagros@cvhlawgroup.com,terri@cvhlawgroup.com,matt@cvhlawgroup.com,martha@cvhlawgroup.com,bea@cvhlawgroup.com,g2320@notify.cincompass.com
- Robin R Weiner    ecf@ch13weiner.com;ecf2@ch13weiner.com

**U.S. Mail**

Capital One Auto Finance
c/o Ascension Capital Group
POB 201347
Arlington, TX 76006

Delanor Ulysse
Alourdes Ulysse
2081 NW 86th Ter
Coral Springs, FL 33071-6169

{M1117981.1}    3

## Schedule "A"

### Definitions

As used in this request, the following words shall be defined as follows:

1) "Document" includes, but is not limited to, originals where available, or otherwise a carbon copy, xerox copy or other copy, including each non-identical copy (whether different from the original because of marginal notes, or other material inserted or attached thereto, or otherwise) of each item of correspondence, letters, memoranda, messages, telephone bills, notes, offers, orders, confirmations, contracts, agreements, reports, punch sheets, punch lists, agendas, cables, telegrams, diaries, appointment books, invoices, ledgers, returns, accounts, checks, check stubs, drafts, statements, indexes, data sheets, data processing cards, logs, worksheets, service orders, expense vouchers, maintenance records, inspection reports, licenses, permits, settlement paperwork, printing, pictures, advertisements, slides, film, microfilm, micro fiche and other written matter of every kind and character; transcripts, recording tapes, recording disks or other records of oral communications; and graphs, books, charts, tables, prospectuses, tabulations, worksheets, compilations, summaries, minutes, lists, pamphlets, brochures, drawings, renderings, diagrams, sketches, etchings, tracings, plans, blueprints, posters, periodicals, publications, bulletins, computer printouts, studies, electronic mail, information contained in electronic or computer storage media and other papers in the possession, custody or control of Delanor Ulysse and/or Alourdes Ulysse, either individually or jointly, or his or her agents, employees, attorneys or representatives, and any and all other persons acting for, purporting to act for or subject to the control of Delanor Ulysse and Alourdes Ulysse.

2) "You", "Your" "Debtors" and "Debtor" refers to Delanor Ulysse and/or Alourdes Ulysse, either individually or jointly, or his or her agents, employees, attorneys or

representatives, and any and all other persons acting for, purporting to act for or subject to the control of Delanor Ulysse and Alourdes Ulysse.

      3)      "And" or "Or" shall include the conjunctive as well as the disjunctive.

      4)      "Communications" include correspondence, discussions, telephone conversations and all other forms of written or oral communication.

      5)      "Petition Date" means August 25, 2015.

### Instructions

1. List all documents withheld under any claim of privilege, or other protection from discovery in response to these requests.

2. Identify each withheld document by setting forth:

    (a)    the type of document (e.g., letter, memorandum, telegram, chart, photograph, reproduction, etc.);
    (b)    the date of the document;
    (c)    the names of the author and each addressee;
    (d)    the name, address and title of the custodian of each document not produced;
    (e)    the identity of the person(s) asserting the privilege/protection claimed;
    (f)    the identity of the person(s) having knowledge of the information sought;
    (g)    the subject matter of the document; and
    (h)    the basis upon which the privilege/protection is claimed.

3. These document requests are continuing and further supplemental responses and production shall be made and served upon counsel for RES if and when additional documents or communications relevant to these document requests come into your possession.

4. Unless otherwise stated, these document requests call for the production of documents created, dated, sent or received on or after January 1, 2011, through and including the present.

## Schedule of Documents to be Produced

**NOTE: IN ADDITION TO ANY PERIODS OF TIME REFERENCED IN EACH REQUEST BELOW, THE DEBTOR IS TO PROVIDE DOCUMENTATION FOR THE CURRENT YEAR AS WELL.**

1. Any and all Documents produced to the trustee in this matter.

2. Any and all tax returns of any type filed by the debtor, including all amendments, addendums, attachments and schedules, including income tax returns, tangible personal property tax returns, intangible personal property income tax returns, sales tax returns, and so forth, whether made to federal, state or local government agencies, which you have filed in the last four (4) years.

3. Any and all documents and/or correspondence relating to, regarding, or evidencing the vehicle expense in the amount of $173.00 as listed on Page 4 Lines 12-13 of your Second Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#42).

4. Any and all documents and/or correspondence relating to, regarding, or evidencing the life insurance payments in the amount of $188.00 as listed on Page 4 Line 18 of your Second Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#42).

5. Any and all documents and/or correspondence relating to, regarding, or evidencing the monthly charitable contributions in the amount of $125.00 as listed on Page 5 Line 31 of your Second Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#42).