

**ORDERED in the Southern District of Florida on June 2, 2016.**

                                                            _____
                                                            **John K. Olson, Judge**
                                                            **United States Bankruptcy Court**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:

DELANOR ULYSSE, and
ALOURDES ULYSSE,                                         Case No. 15-25340-JKO

    Debtor.                                              Chapter 13
_____/

### ORDER OVERRULING RES-FL FIVE, LLC'S
### OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

    THIS CASE was heard on April 26, 2016 at 1:30 P.M. on Secured Creditor, RES-FL

FIVE, LLC'S ("RES") Objection to Confirmation of Debtors' Chapter 13 Plan, [DE 44]. Having

considered RES's Objection, Debtors' Response in Opposition, [DE 50], and otherwise being

1

fully advised in the premises, the Court overrules RES's Objection to Confirmation of Debtors' Chapter 13 Plan.

## FACTS

On January 29, 2016, the Debtors filed their Second Amended Chapter 13 Plan (the "Plan") [DE 40] along with their Amended Chapter 13 Calculation of Disposable Income [DE 42]. Debtors listed "involuntary deductions" in the amount of $1,900, a net vehicle expense in the amount of $173.00, no public transportation expenses, life insurance payments in the amount of $188.00, and monthly charitable contributions in the amount of $125.00. On February 16, 2016, RES filed an Objection to Confirmation (the "Objection"), [DE 44].

## DISCUSSION

The question before the Court is whether the Debtors' retirement contributions to a TDA are deductible from the Debtors' disposable income. Although there is a split in authority regarding whether retirement contributions to TDAs should be deducted from the calculation of projected disposable income, the better reasoned case law in Florida holds that retirement contributions are not disposable income. In *In re Garrett*, the Court held that based upon the addition of §§ 541(b)(7) and 1322(f) to the Bankruptcy Code, retirement account contributions and the repayment of a loan secured by a retirement account does not constitute disposable income in a Chapter 13 case. *In re Garrett*, 2008 WL 6049236, at *1 (Bankr. M.D. Fla. 2008); *see also In re Nunna*, 2014 WL 1925833, at *15 (Bankr. M.D. Fla. 2014). In making that determination, the *Garrett* Court relied on the reasoning in *In re Njuguna*, 357 B.R. 689 (Bankr. D.N.H. 2006).

In *In re Njuguna*, the Court discussed what property should be included in the bankruptcy estate. 357 B.R. at 690-91. The Court concluded that

> The property comprising the estate is largely laid out in section 541(a)(1), which provides that the following becomes property of the estate: "Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." Thus, property listed in section 541(b) does not become part of the bankruptcy estate. Section 541(b)(7) lists 401k contributions. Thus, 401k contributions are not property of the bankruptcy estate. Property that is not part of the bankruptcy estate is not subject to being considered for any part of a Chapter 13 plan. For purposes of the bankruptcy plan, it is as if the 401k contribution does not exist.

*Id.* The Court held that "'Congress has placed retirement contributions outside the purview of a Chapter 13 plan. *Id.* (quoting *In re Johnson*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006)).

"With respect to retirement account contributions, § 541(b)(7) clearly provides that contributions withheld from an employee's wages constitute property of the estate but do not constitute disposable income as defined in § 1325(b)(2)." *In re Tauter*, 402 B.R. 903, 906 (Bankr. M.D. Fla. 2009). Debtors may fund retirement plans in good faith, so long as their contributions do not exceed the limits legally permitted by their plans. *Baxter v. Johnson (In re Johnson)*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006). The Court finds that, under the facts of this case, the Debtor's retirement contributions are not considered disposable income.

Accordingly, it is hereby ORDERED:

1. RES's Objection to Confirmation of Debtors' Chapter 13 Plan [DE 44] is **OVERRULED**. The Debtors' retirement contributions to their TDA shall not be included in the calculation of disposable income available for the repayment of creditors.

###

Copies to:

All parties in interest