UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:

DELANOR ULYSSE, and
ALOURDES ULYSSE,                              Case No. 15-25340-JKO

           Debtor.                                    Chapter 13
_____/

### RES-FL FIVE, LLC'S OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN

Secured Creditor, RES-FL FIVE, LLC ("RES") objects to the confirmation of Delanor Ulysse and Alourdes Ulysse's (the "Debtors") Second Amended Chapter 13 Plan (ECF#40) and states:

**Preliminary Statement**

1. The facts of this case are not in dispute and are simple - the Debtors propose to pay general unsecured creditors at total of **$12,117.20** over the life of the Plan while contributing over ten (10) times that amount, in the approximate amount of **$114,000.00**, to their retirement accounts during the same time period. The twin aims of bankruptcy are to provide equitable distribution of assets for creditors, and to provide a fresh start for a debtor. *In re Shelton,* 370 B.R. 861, 868 (Bankr. N.D. Ga. 2007)(citing *Burlingham v. Crouse,* 228 U.S. 459, 472–73, 33 S.Ct. 564, 57 L.Ed. 920 (1913)). The Plan does not equitably balance between payment of unsecured creditors and saving retirement funds, such that the Debtors are not providing an equitable distribution to general unsecured creditors in exchange for their fresh start. Accordingly, the Plan violates the requirements of 11 U.S.C. § 1325(a)(3) and (7) that a plan be proposed in good faith, such that the Plan should not be confirmed by this Court.

{M1207282.1}

**Background**

2. RES obtained a final judgment (the "Final Judgment") against the Debtors on July 26, 2012 in the amount of $60,436.39. By virtue of the recording of the Final Judgment, a judgment lien attached to all of the Debtors' real property in Marion County, FL.

3. On August 25, 2015, the Debtors filed their voluntary Chapter 13 bankruptcy case.

4. The Debtors' Schedule B-12(ECF#1) list three retirement accounts with the following values:

- 401K Securian Retirement Center valued in the amount of $26,289.32
- 403(b) Thrift Mutual of America valued in the amount of $4,908.79
- Mutual of America IRA valued in the amount of $13,061.60

5. On December 8, 2015, the Debtors filed their First Amended Chapter 13 Plan (ECF#28). This plan proposes $90.00 monthly payments for months 1 through 4 and $115.00 monthly payments for months 5 through 60.

6. On December 17, 2015, RES filed Proof of Claim No. 2-1 in total amount of $75,530.72 stating that RES is secured against all of the Debtors' personal property in the amount of $4,259.44 and has an unsecured claim in the amount of $71,271.28.

7. On December 4, 2015, the Debtors filed their Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#26) under penalty of perjury. The Debtors list no vehicle expenses on Page 4 Lines 12-13, list a public transportation expenses in the amount of $185.00 on page 3 Line 14, list "involuntary deductions" in the amount of $1,900.00 on Page 4 Line 17, list no life insurance payments on Page 4 Line 18, and list no monthly charitable contributions on Page 5 Line 31 for a total projected monthly Chapter 13 plan payment in the amount of $727.76.

8.      On January 29, 2016, the Debtors filed their Second Amended Chapter 13 Plan (ECF#40) ("Plan").  The Plan proposes $90.00 monthly payments for months 1 through 4 and $209.95 monthly payments for months 5 through 60.

9.      Also on January 29, 2016, the Debtors filed their Second Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#42) under penalty of perjury.   For this first time in this matter, the Debtors list a net vehicle expense in the amount of $173.00 on Page 4 Lines 12-13, list no public transportation expenses on Page 3 Line 14, list life insurance payments in the amount of $188.00 on Page 4 Line 18, and list monthly charitable contributions on Page 5 Line 31 in the amount of $125.00.   The Debtors remain to claim $1,900.00 in "involuntary deductions" on Page 4 Line 17. Accordingly, the Debtors' alleged projected monthly Chapter 13 plan payment in the amount of $56.97.

10.     In response to a Rule 2004 request, the Debtors produced the attached documentation demonstrating that Delanor Ulysse is contributing:

- As of December 30, 2011, $850.00 twice month to the TDA;
- As of December 28, 2012, $0.00 to the TDA;
- As of December 30, 2013, $300.00 twice month to the TDA;
- As of December 30, 2014, $950.00 twice month to the TDA;
- As of December 30, 2015, $950.00 twice month to the TDA.

Attached hereto as **Composite Exhibit 1** are the Delanor Ulysse's payroll account information.

11.     On June 2, 2016, the Court entered the Order Overruling RES-FL Five, LLC's Objection to Confirmation of Debtors' Chapter 13 Plan (ECF#54).

### The Plan Was Proposed In Bad Faith

12.     Pursuant to 11 U.S.C. §§ 1325(a)(3) and (7), the filing of the Plan and bankruptcy petition was not done in good faith.  "In conducting the good faith inquiry, the totality of the circumstances must be considered." *In re Humphrey,* 165 B.R. 508, 510–11

(Bankr.M.D.Fla.1994). The twin aims of bankruptcy are to provide equitable distribution of assets for creditors, and to provide a fresh start for a debtor. *In re Shelton,* 370 B.R. 861, 868 (Bankr. N.D. Ga. 2007)(citing *Burlingham v. Crouse,* 228 U.S. 459, 472–73, 33 S.Ct. 564, 57 L.Ed. 920 (1913)). The Eleventh Circuit has approved a non-exclusive list of factors for determining good faith:

> 1. the amount of Debtor's income from all sources;
> 2. the living expenses of Debtor and his dependents;
> 3. the amount of attorney's fees;
> 4. the probable or expected duration of Debtor's chapter 13 plan
> 5. the motivations of Debtor and his sincerity in seeking relief under the provisions of chapter 13;
> 6. Debtor's degree of effort;
> 7. Debtor's ability to earn and the likelihood of fluctuation of his earnings;
> 8. special circumstances such as inordinate medical expense;
> 9. the frequency with which Debtor has sought bankruptcy protection;
> 10. the circumstances under which Debtor has contracted his debts and has demonstrated bona fides, or lack of same, in dealings with his creditors;
> 11. the burden which the plan's administration would place on the trustee;
> 12. any exceptional circumstances in the case;
> 13. the type of debt and whether it would be nondischargeable in chapter 7;
> 14. accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court....

*Id*. at 511 (quoting *In re Kitchens*, 702 F.2d 885, 888 (11th Cir.1983)).

13. The Plan fails to meet the good faith requirements of 11 U.S.C. §1325, as the Debtors are excluding too large of a portion of their income towards their retirement.

14. The factors supporting the lack of good faith include, but are not limited to, the living expenses of Debtors, the motivations of Debtors and his sincerity in seeking relief under the provisions of chapter 13, Debtors' degree of effort, and the circumstances under which Debtors has contracted his and her debts and has demonstrated lack of bona fide in dealings with his creditors, particularly RES. The Debtors appear to be add unsubstantiated and additional

expenses to their Second Amended Chapter 13 Calculation of Disposable Monthly Income (ECF#42) to retain more funds without a meaningful distribution to creditors, including RES.

15. All of the above factors demonstrate Debtor is retaining significant assets, which are indisputably luxuries including a rental property, daily lunches out at work, transportation in addition to their vehicles, without making any meaningful distribution to unsecured creditors cannot satisfy the good faith requirements of 11 U.S.C. §1325.

16. Over the length of the Plan, the Debtors will contribute **$114,000.00** to their retirement accounts while paying unsecured creditors a total of **$12,117.20**. The Debtors will contribute more to the retirement account than he will pay to the Chapter 13 Trustee for payment to secured, priority, and specially-classed unsecured creditors. The Debtors are using Chapter 13 to obtain a fresh start without fairly repaying his creditors.

17. The Court should examine the Debtors' degree of effort to repay creditors. Delanor Ulysse has not changed his pre-petition behavior and is still contributing 36.29% of his gross income to a retirement account. The Debtors could very easily reduce the amount of the monthly retirement contribution to a reasonable figure. If Debtors reduce the monthly retirement contribution, Debtors would be able to increase the dividend to unsecured creditors.

18. One factor to consider in determining good faith is the amount of the proposed payments and the amount of the debtor's surplus. *In re Upton*, 363 B.R. 528, 535 (Bankr. S.D. Ohio 2007)(citations omitted). In *In re Shelton,* 370 B.R. 861 (Bankr. N.D. Ga. 2007), the debtor proposed a zero percent dividend (or 0% payout) to unsecured nonpriority creditors, a payment to secured creditors of $550 a month, and a contribution of $655 a month to his retirement plan. According to the court, "[t]he proposed plan would permit Debtor, over the course of the plan, to shelter $39,300 in his retirement account, pay approximately $33,000 to

secured creditors or lose the assets representing collateral, pay nothing to unsecured creditors, and discharge $89,237 in, primarily, credit card debt." 370 B.R. at 868. In addressing the Chapter 13 trustee's objection to confirmation, the court observed:

> While it is apparent that Congress removed certain streams of income from being considered disposable income by exemption or deduction, it does not necessarily follow that Congress intended to handicap the courts' good faith inquiries or unintentionally create a proverbial "loophole." Unlike previous amendments that have eclipsed particular *Kitchens'* factors, BAPCPA expressly limited the application of § 541(b)(7) to one particular paragraph, § 1325(b)(2). Section 1325(b)(2) is also limited to a specific application: "[f]or purposes of this subsection." Had Congress sought to soften the good faith requirement, a statement to that effect is conspicuously absent. While it is true that Congress provided more protection for retirement accounts, a primary focus of BAPCPA is to enable the courts to ferret out abuses of the law. *See* 11 U.S.C. § 1325(a)(7).

370 B.R. at 867. The court added: "BAPCPA does not direct a court to abandon viewing the totality of the circumstances, nor impose a requirement that a court blind itself to the full picture of a debtor's finances. Before the passage of BAPCPA, Congress had amended the Code to remove certain other factors from the scope of § 1325(a)(3) without discrediting the totality-of-the-circumstances approach." *Id*. In view of the debtor's circumstances, the court concluded that "such a grossly disproportionate plan invites scrutiny." *Id*. at 868. It determined:

> Achieving an appropriate balance between payment of unsecured creditors and saving retirement funds is the natural end of viewing the totality of Debtor's circumstances. That result cannot be achieved in this case without additional evidence only Debtor can provide, including the details of all prepetition contributions to any retirement account(s) by providing pay advices, institutional statements or sworn statements by the account administrator for any retirement plan, beginning with the first contribution through the present; and including documentation regarding any loan from any retirement account.

Id. 869.

- **Lawrence E Pecan**    lawrence.pecan@rialtocapital.com, lpecan@gmail.com
- **Barry Seth Turner**    bturner@joneswalker.com, mvelapoldi@joneswalker.com;tsnow@joneswalker.com
- **Chad T Van Horn**    Chad@cvhlawgroup.com, jay@cvhlawgroup.com,DeadlinesandHearings@gmail.com,allie@cvhlawgroup.com;Milagros@cvhlawgroup.com,terri@cvhlawgroup.com,matt@cvhlawgroup.com,martha@cvhlawgroup.com,bea@cvhlawgroup.com,g2320@notify.cincompas
- **Robin R Weiner**    ecf@ch13weiner.com;ecf2@ch13weiner.com

**US Mail**

**Capital One Auto Finance**
c/o Ascension Capital Group
POB 201347
Arlington, TX 76006

19. The Debtors' income would significantly increase without such luxuries, and could pay creditors over $2,000.00 per month, or a portion thereof, thereby paying unsecured creditors in full, or at least a meaningful distribution from this Chapter 13 bankruptcy case.

## Conclusion

20. The Debtors have ignored the requirements of a chapter 13 Plan, and appear to have filed this petition in bad faith in violation of 11 U.S.C. §§ 1325(a)(3) and (7), in the hopes of stalling the post judgment remedies of RES, rather than having any actual intent to reorganize.

WHEREFORE, RES-FL FIVE, LLC requests the entry of an Order (1) denying confirmation of the Plan; and (2) granting such other and further relief as is just and appropriate.

Dated:  July 28, 2016            Respectfully Submitted,

> JONES WALKER LLP
>   *Attorneys for RES-FL FIVE, LLC*
> 201 Biscayne Blvd., Suite 2600
> Miami, Florida 33131
> Email:  *bturner@joneswalker.com*
> Telephone:  (305) 679-5700
> Facsimile:  (305) 679-5710
>
> By:    */s/ Barry S. Turner*
>          Barry S. Turner
>          Florida Bar No. 85535

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on all parties receiving service via ECF, including those listed below, on July 28, 2016.

> */s/ Barry S. Turner*
> Barry S. Turner

### ECF

- **Scott C Lewis**    bkfl@albertellilaw.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov

{M1207282.1}

# Composite Exhibit 1

{Exhibit.1}

**COAST TO COAST LEGAL AID**
**OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

Bank of America  63-4/630

DATE 12/30/2011

AMOUNT ***********0.00

Pay: ***No/100 Dollars***

To the Order of:
DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

**NON NEGOTIABLE**

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.    12/30/2011

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,213.95 | 0.00 | 53,762.40 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 850.00 | 18,700.00 |
| VISION | 8.54 | 204.96 |
| FICA | 92.52 | 2,246.76 |
| FICAMED | 31.94 | 775.68 |
| FWT | 56.00 | 1,650.00 |
| ADD'L LIFE INS | 0.00 | 0.00 |
| EFT | 1,152.95 | 29,657.00 |

P/P ENDING 12/30/11
Married 3
0.00

|  | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,213.95 | 180.46 | 2,033.49 | -0.00 |
| Y-T-D | 53,762.40 | 4,672.44 | 49,089.96 | 0.00 |

ULYSSE, DELANOR    12/30/2011

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,213.95 | 0.00 | 53,762.40 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 850.00 | 18,700.00 |
| VISION | 8.54 | 204.96 |
| FICA | 92.52 | 2,246.76 |
| FICAMED | 31.94 | 775.68 |
| FWT | 56.00 | 1,650.00 |
| ADD'L LIFE INS | 0.00 | 0.00 |
| EFT | 1,152.95 | 29,657.00 |

P/P ENDING 12/30/2011
Married 3
0.00

|  | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,213.95 | 180.46 | 2,033.49 | -0.00 |
| Y-T-D | 53,762.40 | 4,672.44 | 49,089.96 | 0.00 |

COAST TO COAST LEGAL AID
OF SOUTH FLORIDA, INC.
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

Bank of America
Fort Lauderdale, FL 33301

63-4
630

Check:

DATE 12/28/2012
AMOUNT ***********0.00

Pay: ***No/100 Dollars***

To the Order of:
DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

## NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.  12/28/2012

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,266.25 | 0.00 | 54,390.00 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 0.00 | 17,850.00 |
| VISION | 7.68 | 184.44 |
| FICA | 94.97 | 2,279.28 |
| FICAMED | 32.79 | 786.96 |
| FWT | 134.00 | 1,566.00 |
| EFT | 1,974.81 | 31,195.32 |

P/P ENDING 12/30/12
Married 3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,266.25 | 261.76 | 2,004.49 | 0.00 |
| Y-T-D | 54,390.00 | 4,632.24 | 49,757.76 | 0.00 |

ULYSSE, DELANOR  12/28/2012

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,266.25 | 0.00 | 54,390.00 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 0.00 | 17,850.00 |
| VISION | 7.68 | 184.44 |
| FICA | 94.97 | 2,279.28 |
| FICAMED | 32.79 | 786.96 |
| FWT | 134.00 | 1,566.00 |
| EFT | 1,974.81 | 31,195.32 |

P/P ENDING 12/28/2012
Married 3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,266.25 | 261.76 | 2,004.49 | 0.00 |
| Y-T-D | 54,390.00 | 4,632.24 | 49,757.76 | 0.00 |

**COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL 33312

Bank of America
63-4

DATE 12/30/2013
AMOUNT **********0.00

Pay: ***No/100 Dollars***

To the Order of:
DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

## NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.    12/30/2013

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt | Tax / Deduction | Cur | Ytd |
|---|---|---|---|---|---|---|---|
| Salary | 0.00 | 2,369.08 | 0.00 | 56,435.28 | DENTAL INS | 7.50 | 180.00 |
| | | | | | HEALTH INS | 14.50 | 348.00 |
| | | | | | TDA | 300.00 | 5,700.00 |
| | | | | | VISION | 5.38 | 129.12 |
| | | | | | FICA | 113.31 | 3,463.01 |
| | | | | | FICAMED | 26.50 | 809.93 |
| | | | | | FWT | 189.30 | 3,558.30 |
| | | | | | EFT | 1,712.59 | 42,246.92 |

P/P ENDING 12/30/13
Married 3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,369.08 | 329.11 | 2,039.97 | -0.00 |
| Y-T-D | 56,435.28 | 7,831.24 | 48,604.04 | 0.00 |

ULYSSE, DELANOR    12/30/2013

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt | Tax / Deduction | Cur | Ytd |
|---|---|---|---|---|---|---|---|
| Salary | 0.00 | 2,369.08 | 0.00 | 56,435.28 | DENTAL INS | 7.50 | 180.00 |
| | | | | | HEALTH INS | 14.50 | 348.00 |
| | | | | | TDA | 300.00 | 5,700.00 |
| | | | | | VISION | 5.38 | 129.12 |
| | | | | | FICA | 113.31 | 3,463.01 |
| | | | | | FICAMED | 26.50 | 809.93 |
| | | | | | FWT | 189.30 | 3,558.30 |
| | | | | | EFT | 1,712.59 | 42,246.92 |

P/P ENDING 12/30/2013
Married 3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,369.08 | 329.11 | 2,039.97 | -0.00 |
| Y-T-D | 56,435.28 | 7,831.24 | 48,604.04 | 0.00 |

**COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.**
P. O. BOX 120970
FORT LAUDERDALE, FL  33312

Bank of America
FORT LAUDERDALE, FL 33301
63-4
630

Check:

DATE  12/30/2014
AMOUNT  ************0.00

Pay: ***No/100 Dollars***

To the Order of:
DELANOR ULYSSE
2081 N.W. 86TH TERRACE
CORAL SPRINGS, FL  33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.
PAYROLL ACCOUNT

## NON NEGOTIABLE

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.     12/30/2014

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,366.25 | 0.00 | 56,790.00 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 950.00 | 12,100.00 |
| VISION | 5.38 | 129.12 |
| FICA | 145.21 | 3,485.04 |
| FICAMED | 33.96 | 815.04 |
| FWT | 55.00 | 2,757.00 |
| EFT | 1,154.70 | 36,975.80 |

P/P ENDING 12/30/14
Married 3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,366.25 | 234.17 | 2,132.08 | -0.00 |
| Y-T-D | 56,790.00 | 7,057.08 | 49,732.92 | -0.00 |

ULYSSE, DELANOR     12/30/2014

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,366.25 | 0.00 | 56,790.00 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 950.00 | 12,100.00 |
| VISION | 5.38 | 129.12 |
| FICA | 145.21 | 3,485.04 |
| FICAMED | 33.96 | 815.04 |
| FWT | 55.00 | 2,757.00 |
| EFT | 1,154.70 | 36,975.80 |

P/P ENDING 12/30/2014
Married 3
0.00

| | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,366.25 | 234.17 | 2,132.08 | -0.00 |
| Y-T-D | 56,790.00 | 7,057.08 | 49,732.92 | -0.00 |

COAST TO COAST LEGAL AID  
OF SOUTH FLORIDA, INC.  
P. O. BOX 120970  
FORT LAUDERDALE, FL 33312

Bank of America 63-4

DATE 12/30/2015  
AMOUNT ***********0.00

Pay: ***No/100 Dollars***

To the Order of:  
DELANOR ULYSSE  
2081 N.W. 86TH TERRACE  
CORAL SPRINGS, FL 33071

COAST TO COAST LEGAL AID OF SOUTH FLORIDA, INC.  
PAYROLL ACCOUNT

**NON NEGOTIABLE**

COAST TO COAST LEGAL AID OF SOUTH FLORIDA INC.  12/30/2015

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 57,990.00 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 950.00 | 22,800.00 |
| VISION | 5.38 | 129.12 |
| FICA | 148.31 | 3,559.44 |
| FICAMED | 34.69 | 832.52 |
| FWT | 58.00 | 1,403.00 |
| EFT | 1,197.87 | 28,737.92 |

P/P ENDING 12/30/15  
Married 3  
0.00

|  | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 57,990.00 | 5,794.96 | 52,195.04 | 0.00 |

ULYSSE, DELANOR  12/30/2015

| Earning | Cur Hrs | Cur Amt | Ytd Hrs | Ytd Amt |
|---|---|---|---|---|
| Salary | 0.00 | 2,416.25 | 0.00 | 57,990.00 |

| Tax / Deduction | Cur | Ytd |
|---|---|---|
| DENTAL INS | 7.50 | 180.00 |
| HEALTH INS | 14.50 | 348.00 |
| TDA | 950.00 | 22,800.00 |
| VISION | 5.38 | 129.12 |
| FICA | 148.31 | 3,559.44 |
| FICAMED | 34.69 | 832.52 |
| FWT | 58.00 | 1,403.00 |
| EFT | 1,197.87 | 28,737.92 |

P/P ENDING 12/30/2015  
Married 3  
0.00

|  | Earnings | Taxes | Deductions | Net Pay |
|---|---|---|---|---|
| Current | 2,416.25 | 241.00 | 2,175.25 | 0.00 |
| Y-T-D | 57,990.00 | 5,794.96 | 52,195.04 | 0.00 |