

ORDERED in the Southern District of Florida on November 3, 2016.

**John K. Olson, Judge**
**United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

Case No.: **15-25340-JKO**

**Delanor Ulysse, and**
**Alourdes Ulysse**,

Chapter: **13**

Debtors.
_____/

### ORDER OVERRULING RES-FL FIVE, LLC'S OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN [ECF 62]

**THIS CAUSE** came before the court on August 3, 2016, on Secured Creditor, RES-FL FIVE, LLC'S ("RES") Objection to Confirmation of Debtors' Chapter 13 Plan [ECF 62].

Debtors filed their Second Amended Chapter 13 Plan (the "plan") on January 29, 2016 [ECF 40]. RES objected to the confirmation of that plan for the first time on February 16, 2016 [ECF 44]. RES asserted that because the plan failed to commit all of the debtors' projected disposable income *and* because the plan was proposed in bad faith the plan should be denied. After reviewing Debtors' Response in Opposition to RES' Objection [ECF 50] and a hearing on the matter on April 26, 2016, this Court entered an Order Overruling RES' Objection [ECF 54] on June 2, 2016. Now RES objects again to the plan for similar reasons.

## THE PRIOR ORDER [ECF 54]

The prior order [ECF 54] found that Debtors' retirement contributions are not considered disposable income and therefore shall not be included in the calculation of disposable income available for the repayment of creditors. That Order noted that while there is a split in authority regarding whether retirement contribution to qualified retirement accounts should be deducted from the calculation of projected disposable income, the better reasoned case law holds that retirement contributions are not disposable income [ECF 54]. *See In re Garrett*, 2008 WL 6049236, at *1 (Bankr. M.D. Fla. 2008); *see also In re Nunna*, 20014 WL 1925833, at *15 (Bankr. M.D. Fla. 2014). Furthermore, Congress has undoubtedly placed "retirement contributions outside the purview of a Chapter 13 plan" ostensibly to encourage people to contribute to their retirement plans as they save for the future. *See in re Johnson*, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006). In light of that analysis, the prior order overruled the objection to confirmation of the plan filed by RES, and noted that Debtors are indeed allowed to fund retirement plans in good faith so long as their contributions do not exceed the limits legally permitted by their plans [ECF 54].

However, the prior order did not specifically address the issue of whether or not Debtors filed this Chapter 13 case in good faith as required by 11 U.S.C. § 1325(a)(3) and (7). Now RES

has again objected to the confirmation of the plan and asserts that the plan was not proposed in good faith and confirmation of the plan must be denied [ECF 62]. For the reasons stated below, the objection is overruled.

## FACTS

Joint Debtors Delanor and Alourdes Ulysse appear to be reaching the age of retirement, and while Mrs. Ulysse is not employed, Mr. Ulysse has dutifully deposited funds directly from his paycheck to his retirement account since at least 2011. RES obtained a final deficiency judgment against the Debtors on July 26, 2012 in the amount of $60,436.39 in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida. Debtors filed for bankruptcy Chapter 13 protection on August 25, 2015 [ECF 1]. On December 17, 2015, RES filed proof of claim No. 2-1 in the total amount of $75,530.72 with a secured claim of $4,259.44 and an unsecured claim in the amount of $71,271.28, which represents 96.67% of the general unsecured claims. This partially secured claim is attached to a motor vehicle worth $4,259.44 (the amount of the secured claim). Debtors' plan [ECF 40] proposes to pay general unsecured creditors a total of $12,117.20 over the life of the plan.

## DISCUSSION

Consistent with this Court's prior order that held that Mr. Ulysse's contributions to the retirement funds are not considered disposable income [ECF 54], the only issue before the Court is whether or not this case was filed in bad faith in violation of the requirements set forth in 11 U.S.C. §1325(a)(3) and (7). In considering whether or not the filing of a bankruptcy petition was done in good faith, "the totality of the circumstances must be considered." *In re Humphrey*, 165 B.R. 508, 510-11 (Bankr. M.D. Fla. 1994). The Eleventh Circuit approved a list of non-exclusive factors for determining good faith, such as the amount of Debtor's income from all sources, the

3

living expenses of Debtor and his dependents, the frequency with which Debtor has sought bankruptcy protection, etc. (*See generally In re Kitchens*, 702 F.2d 885, 888 (11th Cir. 1983).

The main thrust of RES's argument is that *because* the plan gives only $12,117.20 to general unsecured creditors "while contributing over ten (10) times that amount, in the approximate amount of **$114,000.00**, to their retirement accounts during the same time period" [ECF 62] the plan must have been filed in bad faith.  While it is true that if Mr. Ulysse stopped paying into his retirement fund (which, based on argument of counsel, may or may not be prohibited by Mr. Ulysse's employer) that more funds would be available to pay general unsecured creditors, Mr. Ulysse and debtors in general are *not* obligated to do so.  RES claims that by "excluding too large of a portion [36.29%] of their income towards their retirement" [ECF 62] the plan fails to meet the good faith requirements of 11 U.S.C. § 1325. In fact, as previously stated in this Court's prior order [ECF 54], Debtors may fund retirement plans in good faith, so long as their contributions do not exceed the limits legally permitted by their plans. *See in re Johnson*, 346 B.R. at 263.  There is no evidence before this Court that suggests Debtors are contributing to their retirement accounts in excess of amounts allowable by law.  If debtors are funding their retirement accounts with amounts that are *legally allowable*, then equity will not revisit those transfers on the basis of "fairness."  Congressional policy dictates that contributions to a qualified retirement account are not disposable income; there is no "equity end-around" that would somehow undermine the Congressional determination of the propriety of such a contribution. Considering case law and the facts of this case, there is no bad faith inherently attached to Debtors' funding of their retirement accounts.

RES brings up several other issues purporting to show bad faith on the part of the Debtors in filing their Chapter 13 petition, both in their motion and at the hearing on August 8, 2016.  RES

4


runs through the *Kitchens* factors and further cites "indisputable luxuries" such as "daily lunches out at work" and claims that *no* meaningful distribution is made to unsecured creditors [ECF 62]. In Court on August 3, 2016, RES made the argument that if the Debtors are using their retirement contributions for non-retirement reasons, then a negative inference should be imposed against the Debtors and their contentions that they are truly saving for retirement.

In 2011-2015, the Mr. Ulysse deposited $77,150.00 into his retirement accounts [ECF 62 Ex. 1]. Mrs. Ulysse does not work outside the home, and Mr. Ulysse's contributions to their retirement accounts (the vast majority of which were pre-petition) do not appear to show any bad faith, but in fact shows two people preparing for their retirement. This Court is unpersuaded by argument of counsel for RES that Debtors want their retirement and their fresh start afforded to them by the Bankruptcy Code, *but they are not entitled to both* (argument of counsel at August 3, 2016 hearing). In this situation with Debtors obviously nearing retirement age, it would be contrary to public policy in favor of saving for retirement for this Court to find that contributions *in legal amounts* to retirement funds should be disallowed for the benefit of unsecured creditors.

Previously, in their first objection [ECF 44] RES asked this court to essentially disallow entirely Mr. Ulysse's contributions to the retirement plans. Now, in their second objection before this Court [ECF 62] RES states that Mr. Ulysse is simply contributing too much to the plans, in unreasonable amounts, which leaves the unsecured creditors RES (which holds 96.67% of the unsecured debt) and Portfolio Recovery Associates, LLC, with only $12,117.20 over the life of the plan. Clearly, if the Debtors had contributed in excess of legal amounts, such a funding of a retirement plan to the detriment of unsecured creditors would be unreasonable. Perhaps if Debtors had *maximized* their yearly contributions to retirement plans, such a funding could be found to be unreasonable. In reality, Mr. Ulysse contributed $18,700 (2011), $17,850 (2012),

5

$5,700 (2013), $12,100 (2014), and $22,800 (2015), with small increases in yearly earnings each year.   This pattern does not evince bad faith, but appears to reveal Mr. Ulysse's earnest intentions to save for retirement while balancing the costs of everyday life.

Accordingly, it is hereby **ORDERED** that RES's Objection to Confirmation of Debtors' Chapter 13 Plan [DE 62] is **OVERRULED**.

###

Copies to: All Parties in interest.